FRANCIS D. BATES, Administrator, *vs.* DANIEL KEMPTON.

A negotiable note is a proper subject of a gift *causa mortis*, without indorsement.

The donee *causa mortis* of a negotiable note, not indorsed, may maintain an action thereon in the name of the administrator of the donor, although such administrator, when the case comes on for trial, appears and protests against it.

Under the Rev. Sts. *c.* 120, § 10, the donee *causa mortis* of a negotiable note, not indorsed, may bring an action thereon in the name of the administrator of the donor, at any time within two years after the grant of letters of administration.

The donee *causa mortis* of a promissory note is a competent witness in an action brought thereon by him in the name of the administrator of the donor.

ACTION OF CONTRACT on four promissory notes made by the defendant, payable to Thomas Darling, the plaintiff's intestate, or order, but not indorsed. The writ was dated the 3d of December 1855, more than six years after the notes fell due, and bore an indorsement that the action was brought for the benefit of Zilpha Bowen.

The answer admitted the making of the notes; but alleged that the action was brought by Zilpha Bowen without the knowledge and against the consent of the plaintiff, and denied the right of Zilpha Bowen to prosecute it. It also set up the statute of limitations.

At the trial in the court of common pleas, before *Perkins*, J., it appeared that Thomas Darling died on the 13th of February 1851, and the plaintiff was appointed his administrator on the 1st of December 1855. When the action was called up for

trial, the nominal plaintiff appeared, and stated, in writing, that it was prosecuted without his knowledge or consent, and protested against its prosecution in his name, unless for his benefit as administrator, and claimed the notes as assets in his hands; and he and the defendant asked the court to direct an issue to be framed between him and Zilpha Bowen, to try the question of the ownership of the notes, before the trial of this action. But the court refused so to do, and ruled, that if Zilpha Bowen was the owner of the notes, she had a right to prosecute this action, without the consent of the plaintiff.

Zilpha Bowen claimed the notes as a *donatio mortis causa*, made to her by Thomas Darling on the day before his death; and there was evidence tending to prove such gift. Zilpha was admitted as a witness to prove her title to the notes, against the objection of the defendant. The court ruled that the notes might be the subject of a *donatio mortis causa*, without indorsement.

There was no evidence to take the notes out of the statute of limitations, except the death of Thomas Darling, and the delay in the appointment of an administrator. The court ruled that this action was not barred by the statute.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. Colburn*, for the defendant.

*P. P. Todd*, for the plaintiff.

METCALF, J. The verdict has found that Zilpha Bowen received the notes in suit as a gift *causa mortis*. And by the law of Massachusetts a negotiable note is a proper subject of such gift, without indorsement; and the donee may maintain an action on it, in the name of the executor or administrator of the donor, without his consent. *Grover* v. *Grover*, 24 Pick. 261. *Sessions* v. *Moseley*, 4 Cush. 87. See also *Borneman* v. *Sidlinger*, 15 Maine, 429; *Brown* v. *Brown*, 18 Conn. 410; 2 Kent Com. (6th ed.) 447. Whether the court, on early application of an administrator in whose name such action is thus brought, would require the donee to indemnify him against liability for costs, is a question which does not now arise.

It is contended for the defendant, that this action is barred by the statute of limitations, (Rev. Sts. *c.* 120,) and is not saved by § 10 of that chapter. That section provides that if any "person, entitled to bring any of the actions" mentioned in the preceding sections, shall die before the expiration of the time therein limited therefor, the action may be commenced by his executor or administrator at any time within two years after the grant of letters testamentary or of administration. The argument for the defendant is, that Darling, the donor, was not "entitled" to bring an action on these notes after he had given them away. We think otherwise. Certainly no one else was entitled to bring an action on them during his life, and would not have been, even if he had indorsed them to the donee. A gift *causa mortis* is not only conditional, but is also revocable; and the lonee's title is not absolute until after the donor's death. 24 Pick. 266. 4 Cush. 92. Hence Darling might have brought an action on these notes at the last hour of his life, and therefore he died "entitled" so to do.

The donee was a competent witness on the trial, according to the decision in *Palmer* v. *White*, 10 Cush. 321.

*Exceptions overruled*